**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **MORGAN KIRBY,** | |
| **Plaintiff,** | |
| **v.** | |
| | **Case No. _____** |
| **HY-VEE, INC.,** | |
| **Defendant.** | **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Morgan Kirby, for her Complaint against Hy-Vee, Inc. (hereinafter "Hy-Vee" or "Defendant") hereby states and alleges as follows:

1.      Hy-Vee is one of the largest supermarket chains in the country. Hy-Vee denied Plaintiff wages and overtime pay while she was working in its grocery stores. Its failure to pay Plaintiff her earned wages and overtime compensation violates the federal Fair Labor Standards Act ("FLSA").

2.      Plaintiff previously worked as a convenience store department manager in the Hy-Vee store in Grand Island, Nebraska.  This lawsuit is brought pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

3.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because

the defendant resides in this district.

## PARTIES

5.      Plaintiff Morgan Kirby is a resident of the State of Nebraska. She was employed by Hy-Vee from December 2008 to March 2012.  She worked as a salaried, exempt convenience department manager at a Grand Island, Nebraska store from approximately December 2008 to June 2011.

6.      Defendant Hy-Vee, Inc. is an Iowa corporation with its principal place of business in West Des Moines, Iowa.

## ALLEGATIONS

7.      Hy-Vee operates approximately 230 Hy-Vee stores in eight Midwestern states, including Illinois, Iowa, Kansas, Minnesota, Missouri, Nebraska, South Dakota, and Wisconsin nationwide.

8.      In the Grand Island, Nebraska store at which Plaintiff worked, Hy-Vee classified the convenience department manager position as salaried, exempt from the FLSA.

9.      Plaintiff routinely worked more than 40 hours per week as a department manager.

10.      Hy-Vee failed to pay Plaintiff a premium for work performed over 40 hours in a given work week.

11.      Hy-Vee failed to record the actual time spent working by Plaintiff as a department manager even though it could easily and accurately keep track of her time, like it does for all of its hourly, non-exempt employees.

12.      In approximately June 2011, Hy-Vee reclassified many of its department managers across the country, including Plaintiff, as salaried, non-exempt and began paying overtime.

13.     Plaintiff's job duties did not change after her reclassification.

14.     In addition, the number of hours Plaintiff was required or expected to work did not change after the reclassification.

15.     Hy-Vee failed to pay overtime compensation to Plaintiff and failed to keep accurate time records in order to save payroll costs.

16.     Hy-Vee has fostered a culture in which store directors, who are in charge of Plaintiff and all other store employees, are incentivized to work their employees long hours without pay since a store director's compensation is based on store profits.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

17.     Plaintiff re-alleges the allegations set forth above.

18.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

19.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

20.     Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

21.     Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant has also failed to keep accurate records of all hours worked by its employees.

22.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply

to Plaintiff.

23.     Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA. Moreover, Plaintiff is entitled to equitable tolling because after Hy-Vee reclassified its department managers, Hy-Vee did not pay Plaintiff back wages, including overtime.

24.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

25.     As a result of the aforesaid violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant and pray this Court:

a.     Award Plaintiff compensatory and liquidated damages under 29 U.S.C. § 216(b);

b.     Award Plaintiff pre-judgment and post-judgment interest as provided by law;

c.     Award Plaintiff attorneys' fees and costs as allowed by Section 216(b) of the FLSA; and

d.     Award Plaintiff such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.


Dated: October 15, 2012                         Respectfully Submitted,

**BERG, ROUSE, SPAULDING, & SCHMIDT PLC**

*/s/ Ward Rouse*
Ward A. Rouse IA Bar No.  AT0006841
4940 Pleasant Street
West Des Moines, Iowa 50266
Telephone: (515) 223-9000
Facsimile:  (866) 223-9005
Email: ward.rouse@brsslaw.com

**STUEVE SIEGEL HANSON LLP**
George A. Hanson      MO Bar No. 43450
(*pro hac forthcoming*)
Ashlea G. Schwarz     MO Bar No. 60102
(*pro hac forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:     (816) 714-7101
Email: hanson@stuevesiegel.com
Email: ashlea@stuevesiegel.com

**LEAR WERTS LLP**
Bradford B. Lear      MO Bar No. 53204
(*pro hac forthcoming*)
Todd C. Werts        MO Bar No. 53288
(*pro hac forthcoming*)
2003 W. Broadway, Suite 107
Columbia, Missouri 65203
Telephone:     (573) 875-1991
Facsimile:     (573) 875-1985
Email: lear@learwerts.com
Email: werts@learwerts.com

**ATTORNEYS FOR PLAINTIFFS**

**ORIGINAL FILED.**

PROOF OF SERVICE
I hereby certify that on October 15, 2012,
I electronically filed the foregoing with the
Clerk of Court using the ECF system which
will send notification of such  filing to the following:

**By:/s/ Dawn Poppens_____**