IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MORGAN KIRBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HY-VEE, INC.,<br><br>　　　　Defendant. | No. 4:12-cv-00492-SMR-RAW<br><br><br><br>**ORDER DENYING<br>DEFENDANT'S MOTION<br>TO TRANSFER** |

Before the Court is a Motion to Transfer under 28 U.S.C. § 1404(a) filed by defendant Hy-Vee, Inc. ("Hy-Vee") [ECF No. 6].[1] Hy-Vee moves the Court for an order transferring plaintiff's lawsuit to the United States District Court for the District of Nebraska. Plaintiff Morgan Kirby filed an opposition [ECF No. 8] incorporating by reference the resistance filed in *Barrett v. Hy-Vee, Inc.*, Case No. 4:12-cv-00480, and Hy-Vee filed a reply [ECF No. 9] also incorporating by reference the reply filed in *Barrett*. The motion is fully submitted.

**I.   Standards**

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1]Similar motions to transfer were filed by Hy-Vee in 16 other cases pending before this Court, and Orders will be filed separately in each of those cases. Hy-Vee did not file motions to transfer the cases brought by Stefanie Smith and Tracey Drury-Card, for the reason given in Defendant Hy-Vee's Reply to Plaintiff's Resistance to Hy-Vee's Motion to Transfer Under 28 U.S.C. § 1404(a) [ECF No. 9-1] at 5 n.3. Motions to transfer have not yet been filed in five similar, more recent cases pending before the Court.

consented." The moving party, Hy-Vee, "has the burden of showing that the transfer will be to a more convenient forum." *Int'l Adm'rs, Inc. v. Pettigrew*, 430 F. Supp. 2d 890, 899 (S.D. Iowa 2006) (citation omitted). Specifically, Hy-Vee's burden is to "make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." *Id.* at 899-900 (quotation and citation omitted). Although noting that there is no exhaustive list of specific factors to consider, the Eighth Circuit has listed criteria that courts traditionally consider when deciding a motion to transfer:

> Under the general category titled "Balance of Convenience" the district court considered (1) the convenience of the parties, (2) the convenience of the witnesses--including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law. Under the category titled "Interest of Justice" the court also considered (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691, 696 (8th Cir. 1997) (citations omitted).

## II. Summary of the Arguments

Hy-Vee argues that the "balance of convenience" factors weigh heavily in favor of transfer to the District of Nebraska because plaintiff worked in Nebraska; the witnesses and records are in Nebraska; and the decision to classify plaintiff as salaried exempt was made at the Grand Island, Nebraska store. Def. Hy-Vee's Mem. of Law in Supp. of its Mot. to Transfer Under 28 U.S.C. § 1404(a) [ECF No. 6-1] at 4. Hy-Vee emphasizes that any non-party witnesses in the Grand Island area are beyond the Court's 100-mile subpoena power and could

not be compelled to appear in Des Moines.  *Id.*  Regarding the "interest of justice" factors, Hy-Vee argues that factors 4, 6, and 7 do not apply in this case; that judicial economy does not favor the Southern District of Iowa; and that plaintiff's choice of forum may be overcome by the other factors.  *Id.* at 5-6.  Hy-Vee adds that the comparative costs would be reduced for both parties by litigating in Nebraska, and that requiring Hy-Vee to litigate in Iowa may affect its ability to get a fair trial because the Court will not have subpoena power over non-party witnesses.  *Id.* at 6-7.

      Plaintiff contends that the "balance of convenience" factors do not strongly support transfer, because it is convenient for the parties to address the common facts and issues under the Fair Labor Standards Act ("FLSA") in one centrally-located court rather than spread across many courts with the potential for inconsistent outcomes.  Pl.'s Resistance to Hy-Vee's Transfer Mots. [ECF No. 8-1] at 4.  Regarding the convenience of witnesses, plaintiff argues that Hy-Vee has not identified a single essential witness to be called or what his or her expected testimony would be, and has not shown that non-party witnesses located beyond the Court's subpoena power have relevant testimony; that any such witnesses would be unable or unwilling to testify in Iowa; or that their deposition testimony would be inadequate in lieu of live testimony.  *Id.* at 4-6.  Plaintiff further contends that the accessibility of records and documents does not weigh in favor of transfer; that Hy-Vee fails to show that the location where the conduct complained of occurred strongly weighs in favor of transfer; and that the applicability of law, as a neutral factor here, actually weighs against transfer.  *Id.* at 7-9.  Regarding the "interest of justice" factors, plaintiff argues that these also do not strongly support transfer.  *Id.* at 10-14.

**III.    Analysis**

The Court agrees with Hy-Vee that this case could have been brought in the District of Nebraska.  The Court must therefore consider whether transfer is warranted for the convenience of parties and witnesses, in the interest of justice.

The first of the "balance of convenience" factors is the convenience of the parties.  The location of Hy-Vee's headquarters lies within this district, and it has not established that this forum would be inconvenient for it.  Instead, Hy-Vee's argument as to the convenience of the parties is focused on the plaintiff, and plaintiff contends that this district is the more convenient forum despite her residence in Nebraska.

The second factor is the convenience of the witnesses.  "The party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover."  *Medicap Pharms., Inc. v. Faidley*, 416 F. Supp. 2d 678, 687 (S.D. Iowa 2006) (quotation omitted); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851 (3d ed. 2007) at 221-22.  In addition,

> [i]f the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied[.]

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851 (3d ed. 2007) at 227-28.  Although the location of non-party witnesses outside the subpoena power of this Court[2] is a consideration, this Court agrees with plaintiff that Hy-Vee has

---

[2]Subject to Federal Rule of Civil Procedure 45(c)(3)(A)(ii), a subpoena may be served at any place: "(A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection . . . ."

not identified a single essential witness to be called or what his or her expected testimony would be, nor shown that non-party witnesses located beyond the Court's subpoena power have relevant testimony; that any such witnesses would be unable or unwilling to testify in Iowa; nor that their deposition testimony would be inadequate in lieu of live testimony. This Court does not conclude, therefore, that this factor weighs in favor of transfer. *See GreatAmerica Leasing Corp. v. Davis-Lynch, Inc.*, No. 10-CV-13-LRR, 2010 U.S. Dist. LEXIS 64967, at *19, 21-24 (N.D. Iowa June 30, 2010) (defendant largely failed to identify its potential witnesses, the nature of their testimony, or what inconvenience they would suffer if the court did not transfer the action); *Medicap Pharms., Inc.*, 416 F. Supp. 2d at 688 (defendants failed to name any potential witnesses or offer any evidence that witnesses would be unable or unwilling to testify in Iowa, or that deposition testimony would be inadequate).

Regarding the accessibility of records and documents, even though relevant records may be located in Nebraska, Hy-Vee has not established that this factor weighs in favor of transfer. With the ease of photocopying and other technological advances, "the location of the documentary evidence is given little weight in the transfer analysis." *GreatAmerica Leasing Corp.*, 2010 U.S. Dist. LEXIS 64967, at *13 (quotation omitted); *see also Medicap Pharms., Inc.*, 416 F. Supp. 2d at 688 (little weight should be given if the records can be easily transported) (citations omitted). Regarding the location where the conduct complained of occurred, Hy-Vee contends that the decision to classify plaintiff as salaried exempt was made in

---

Fed. R. Civ. P. 45(b)(2). On timely motion, the issuing court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held[.]" Fed. R. Civ. P. 45(c)(3)(A)(ii).

Nebraska, but plaintiff contends that much of the complained of conduct occurred at or originated from Hy-Vee's corporate headquarters. The Court notes that Hy-Vee's argument on this point is supported by a declaration, while plaintiff's is not. This factor favors transfer, but has little weight, given the nature of this case as a FLSA action. *See Sparks v. Goalie Entm't, Inc.*, No. 4:06-cv-00602-JEG, 2007 U.S. Dist. LEXIS 24476, at *16-17 (S.D. Iowa Mar. 30, 2007) ("because this factor is considered mainly for evidentiary reasons, for example, to have access to the scene of the conduct or other physical aspects of the case, it has little weight in this case"). The factor concerning the applicability of law does not favor transfer, given that either forum is equally capable of applying federal law.

Considering the "interest of justice" factors, the Court believes that judicial economy does not favor transfer. There will be greater efficiency in addressing common questions of law and handling discovery and other issues in one centrally-located court, rather than spread across many courts with the potential for inconsistent outcomes. Hy-Vee emphasizes that there is <u>factual</u> disparity between the claims, Def. Hy-Vee's Reply to Pl.'s Resistance to Hy-Vee's Mot. to Transfer Under 28 U.S.C. § 1404(a) [ECF No. 9-1] at 1-3, and even if so, there are still efficiencies to be gained from litigating in one forum. Just because a case is not appropriate for class-wide certification does not mean that cases brought by the individual plaintiffs should be transferred to their home jurisdictions. Courts frequently transfer cases "to a forum in which other actions that arose from the same transaction or event as that at issue in the transferor court or were related to them in some fashion" were pending. *GreatAmerica Leasing Corp.*, 2010 U.S. Dist. LEXIS 64967, at *29 (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3854 (3d ed. 2007) at 252) (other citations omitted).

This case is related to the other FLSA cases brought in this Court by plaintiffs against Hy-Vee, and the parties are represented by the same counsel. This case and the related cases are already pending in this Court, and their retention here is in the interests of judicial economy.

The second "interest of justice" factor is the plaintiff's choice of forum. Although the plaintiff's choice of forum is generally entitled to considerable deference in the transfer analysis, courts give that choice significantly less deference when the plaintiff does not reside in the selected forum or the transaction or underlying facts did not occur in the chosen form. *Id.* at *25 (citations omitted). Plaintiff does not reside here, and Hy-Vee contends that the decision to classify plaintiff as salaried exempt was made in Nebraska. Therefore, plaintiff's choice of forum is entitled to little deference in this case. Under the third factor, the parties disagree as to whether the comparative costs to them would be reduced by litigating in Nebraska and the various other districts to which transfer is sought in these cases. As Hy-Vee argues, there may be cost savings due to less travel-related costs. These cost savings could be offset, however, by increased costs due to the inefficiencies of litigating in numerous districts. Therefore, this factor does not favor either forum.

Regarding Hy-Vee's claim that requiring it to litigate in Iowa may affect its ability to receive a fair trial because the Court will not have subpoena power over non-party witnesses, again, Hy-Vee has not shown that non-party witnesses located beyond the Court's subpoena power have relevant testimony; that any such witnesses would be unable or unwilling to testify in Iowa; or that their deposition testimony would be inadequate in lieu of live testimony. This Court does not conclude, therefore, that this factor weighs in favor of transfer. Lastly, considering each party's ability to enforce a judgment, conflict of law issues, and the advantages

of having a local court determine questions of local law, these factors are neutral and do not favor transfer.

After considering the *Terra* factors outlined above, this Court is persuaded that as a whole, Hy-Vee has not made a clear showing that the balance of interests weighs in favor of the proposed transfer. *See Pettigrew*, 430 F. Supp. 2d at 899-900. Because the balance of interests does not favor Hy-Vee, plaintiff's choice of forum should not be disturbed. *See id.* Therefore, the Court DENIES the Motion to Transfer under 28 U.S.C. § 1404(a) [ECF No. 6].

IT IS SO ORDERED.

Dated this 17th day of April, 2013.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE